UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSEPH S., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-cv-00470-JPH-MJD |
| | ) |
| KILOLO KIJAKAZI, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff has filed a motion for $12,443.07 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. [18]; *see* dkt. 21 at 15. The Commissioner responds that Plaintiff is not entitled to attorney fees or, in the alternative, argues that the request is excessive. Dkt. 20 at 1, 8.

To be entitled to attorney fees under the EAJA, a plaintiff "must show that (1) she was a prevailing party; (2) the Government's position was not substantially justified; (3) no special circumstances existed that would make an award unjust; and (4) she filed a timely and complete application for fees." *Tchemkou v. Mukasey*, 517 F.3d 506, 509 (7th Cir. 2008) (citing 28 U.S.C. § 2412(d)(1)(A)–(B)). In determining the amount to be awarded, courts "must exclude hours that were not reasonably expended and may reduce the amount of the award accordingly." *Id.* at 510.

Here, the Commissioner argues that the government's position was substantially justified. Dkt. 20 at 1–2. She alternatively contends that not all

1

attorney hours were "reasonably" expended and proposes a 20-hour reduction in attorney time, yielding total fees of $7,644.26. *Id.* at 1, 8.

### A. Substantial justification

The Commissioner bears the burden of showing that her position was substantially justified. *E.g., Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). Here, the Commissioner contends that, because the Court affirmed the majority of Plaintiff's arguments, the Commissioner had a substantially justified position. Dkt. 20 at 3. Plaintiff responds that, by simply counting arguments, the Commissioner has not met her burden of showing her position was substantially justified. Dkt. 21 at 3.

In determining whether the government's position was substantially justified, the Court can consider whether "some of the claimant's attacks on the ALJ's opinion did not hold any water." *Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011). But that consideration is not the be-all, end-all: "EAJA fees are not determined by the number of successful arguments." *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009).

Despite referencing this standard, the Commissioner attempts to uphold her position as substantially justified on one basis: counting Plaintiff's arguments. Dkt. 20 at 2–3. She does not point to the substance of her own arguments. *See id.* By not establishing why the government's position had a "reasonable basis in fact and law," *Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991), the Commissioner has not met her burden. *See Golembiewski,*

382 F.3d at 724. Thus, the government's position was not substantially justified for purposes of the EAJA.

### B. Reasonableness of attorney fees

Plaintiff originally requested fees for 53.1 attorney hours and 2.1 paralegal hours. Dkt. 19 at 6. In filing a reply to the government's objection, he incurred an additional 1.4 hours of attorney time, for a total of 54.5 hours. *Id.* at 10 n.2; dkt. 21 at 15. The government argues these hours should be reduced, as two attorneys redundantly worked on this case and the time entries are impermissibly vague. Dkt. 20 at 4–7.

### 1. Use of two attorneys

First, the Commissioner argues that the uncomplex nature of this case did not require the overlapping efforts of two attorneys. Dkt. 20 at 4–5. Plaintiff responds that this case was not simple and that each attorney was responsible for different aspects of the case, such as drafting and editing. Dkt. 21 at 11–12.

The Commissioner notes that the record in this case was "only 435 pages long," including "only 85 pages of medical evidence," so the 54.5 attorney hours spent on this case was excessive. Dkt. 20 at 1, 6. As Plaintiff points out, a 435-page administrative record is not short. *See, e.g.*, *Monk v. Colvin*, No. 2:15-CV-233, 2016 WL 4445659, at *2 (N.D. Ind. Aug. 23, 2016). And, second, 54.5 attorney hours is squarely within the range that other courts have found reasonable. *See, e.g.*, *Copeland v. Astrue*, No. 11-cv-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct. 17, 2012) (identifying a "permissible range" of 40–60 hours).

3

Even still, the Commissioner insists that this case was impermissibly staffed by two attorneys. Dkt. 20 at 4–6. In support of her argument, the Commissioner points to a district court case, *E.H. by Hayes v. Berryhill*, No. 4:16-CV-39-PRC, 2018 WL 549954 (N.D. Ind. Jan. 25, 2018), in which a judge reduced a plaintiff's attorney hours because it was not clear how work was being distributed between the two lawyers on the case, *id.* at *2. But that's not the case here. In the only task that the two attorneys split work, the opening brief, there was a clear separation of responsibilities. One attorney—Brenna Spinner (BS)—spent her time drafting much of the document, while the lead attorney—Adriana M. de la Torre (AMD)—largely reviewed and revised Ms. Spinner's work:

| Date | Hours | Description | Attorney |
|---|---|---|---|
| 04/13/22 | 12.1 | Review transcript and summary of the medical evidence; draft the statement of the facts and potential arguments memorandum, submit to senior attorney | BS |
| 04/15/22 | 3.4 | Review Client materials, review proposed statement of fact and potential arguments memo, approve initial arguments for briefing | AMD |
| 04/20/22 | 3.5 | Begin researching and drafting arguments for initial brief | BS |
| 04/21/22 | 6.9 | Finish researching and drafting arguments for initial brief; submit to senior attorney | BS |
| 04/21/22 | 3.1 | Review and revise Plaintiff's Brief, prepare additional arguments and facts for presentation, finalize brief for filing, prepare correspondence to Client, prepare correspondence to administrative attorney | AMD |

Dkt. 18-2.

Thus, this case is not like *E.H.*, since there does not appear to be any redundancy—only responsibility-sharing. *See* 2018 WL 549954, at *2; *Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-PRC, 2014 WL 1643455, at *2 (N.D. Ind. Apr. 23, 2014) ("Review by a senior attorney ensures that the quality of the brief is high and that necessary revisions are made before the brief is filed with the Court."). Thus, it was not unreasonable for Plaintiff to utilize two attorneys to work 54.5 hours on this case.

4

### 2. Vague time entries

Second, the Commissioner argues that Plaintiff's hours itemization, *see* dkt. 18-2, were impermissibly vague. Dkt. 20 at 6–7. However, she does not cite a single entry that she perceives as being unclear, instead only citing cases for the general proposition that courts can reduce vague time entries. *See id.* Plaintiff insists the entries provide sufficient detail to assess the reasonableness of the work expended on this case. Dkt. 21 at 13.

The itemization here is broken down into blocks of 12.1 hours or fewer, instead of aggregated in a single entry. *Cf. Julie A. v. Saul*, 1:19-cv-650-JMS-DML, dkt. 22 at 6 (reducing fees in part because 68.5 hours were in "one combined entry," so it was "impossible to determine" how much of that time was spent for different purposes). While several entries say only "Research and prepare Reply Brief," dkt. 18-2 at 2, in a social security appeal, "one would expect that virtually all of a lawyer's time would be spent on briefing," *Jensen v. Berryhill*, 343 F. Supp. 3d 860, 864 (E.D. Wis. Oct. 1, 2018). Specifying the hours spent on each issue may be helpful in justifying a fee award, *see Trump v. Colvin*, No. 12 C 6194, 2015 WL 970111 at *5 (N.D. Ill. Mar. 2, 2015), but, in this case, it is not required to show that the hours were reasonably expended, *see Martin v. Saul*, 1:17-cv-366-RLY-DML, dkt. 35 at 3 (Simple time entries "could have been more specific" but were adequate because they "explain[ed] the billable task—time spent reviewing client materials and writing appellate briefs").

In short, counsel obtained a positive result for their client by crafting thorough briefs. The Commissioner has not shown that any of their time was unreasonably spent. Plaintiff is therefore entitled to the requested fees—including the additional 1.4 hours spent drafting the reply to the government's EAJA response. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.").

The Court therefore **GRANTS** Plaintiff's motion for attorney fees, dkt. [18], and awards $12,443.07 under the EAJA. Any fees paid belong to Plaintiff and not his attorneys and can be offset to satisfy any pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010).

**SO ORDERED.**

Date: 4/10/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel